IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 2:11-cv-02288-SLD-JAG<br><br>Judge Sara Darrow<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF
MICRON TECHNOLOGY, INC.'S
<u>EMERGENCY MOTION FOR STAY</u>**

The Supreme Court has long recognized that district courts have broad discretion to manage their dockets, including the power to stay proceedings. *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket. . . . How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). Courts have also "consistently recognized the inherent power of the district courts to grant a stay pending reexamination of a patent." *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

Pursuant to the parties' agreement regarding Micron Technology Inc.'s ("Micron") intent to request *inter partes* review by the United States Patent and Trademark Office for the patents asserted by The Board of Trustees of the University of Illinois ("the University"), Micron

1

requests the Court immediately stay the instant action. Notably, a motion for stay in view of the parties' recent agreement is not currently before the Court.

On August 20, 2012, Micron filed its Motion to Amend the Case Management Order Doc. No. 66. On August 21, 2012, the University responded, noting its agreement that "a stay should be instituted in light of Micron's election to request an inter partes review at the Patent Office." Doc. No. 69. The University indicates that "its claim for breach of contract is not impacted by patent validity based on prior art." As noted in the University's response, Micron disagrees.

Micron views the University's patent infringement and breach of contract claims as inextricably intertwined such that the University's breach of contract claim rises and falls with its patent infringement claims. Thus, Micron respectfully submits that the contract claim should not proceed separate from the patent claims. Accordingly, Micron agrees with the University and respectfully requests a stay of the entirety of the "instant action contingent upon Micron's timely filing a request for an IPR proceeding at the Patent Office . . . ." Doc. No. 69.

Dated: August 23, 2012                                    Respectfully submitted,

*s/Timothy W. Riffe*
FISH & RICHARDSON P.C.                         Tom Schanzle-Haskins
Ruffin B. Cordell (Lead Counsel)                Registration Number 2473534
Timothy W. Riffe                                        Attorney for Defendant (Local Counsel)
Adam R. Shartzer                                       Brown, Hay & Stephens, LLP
1425 K Street, N.W., Suite 1100                 205 S. Fifth Street, Suite 700
Washington, DC 20005                              P.O. Box 2459
Telephone: (202) 783-5070                         Springfield, IL  62705-2459
Facsimile: (202) 783-2331                           (217) 544-8491
*Counsel for Defendant Micron Technology, Inc.*   Fax: (217) 544-9609
                                                                      E-mail: ts-h@bhslaw.com

2

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on August 23, 2012, he caused a copy of the foregoing document along with this Certificate of Service to be served upon the parties of record via the Court's ECF/electronic mailing system.

*s/ Timothy W. Riffe*