UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

THE BOARD OF TRUSTEES OF THE       )
UNIVERSITY OF ILLINOIS,            )
                                   )
          Plaintiff,               )
                                   )      Case No. 2:11-cv-2288-SLD-JAG
v.                                 )
                                   )
MICRON TECHNOLOGY, INC.,           )
                                   )
          Defendant.               )

ORDER

On January 14, 2013, Micron (specifically, Micron's academic program manager) sent an email to multiple recipients, including many University of Illinois engineering professors. The email reads in part:

> Because Micron remains a defendant in a patent infringement lawsuit that UIUC filed against Micron in Federal court in Illinois on December 5, 2011, effective immediately, Micron will no longer recruit UIUC students for open positions at any of Micron's world-wide facilities.

The letter also indicated that Micron will withhold funding from the University by suspending student scholarships and professor research. The University characterizes this as a harassing email meant to coerce it into settling its patent litigation lawsuit. It moves for an injunction barring future harassing communications from Micron to any University employee. ECF No. 72. Micron opposes the motion on several grounds and seeks sanctions against the University for filing a vexatious and oppressive motion. ECF No. 74. Also pending is the University's Motion for Leave to File a Reply. ECF No. 75.

The University's request to enjoin any future "harassing" communication is problematic for at least three reasons.  One, the term "harassing" is vague and likely violates Federal Rule of Civil Procedure 65(d)(1)(C), which states that every order granting an injunction must describe in reasonable detail the acts restrained.  Based on the University's overly broad request, it is unlikely that the Court could tailor an injunction that is both meaningful and compliant with Rule 65.  *See, e.g., Nuxoll v. India Prairie Sch. Dist. #204*, 523 F.3d 668, 675 (7th Cir. 2008); *Daniels v. Southfort*, 6 F.3d 482, 486 (7th Cir. 1993).  Two, enjoining future speech raises very serious First Amendment concerns.  *See Alexander v. United States*, 509 U.S. 544, 550 (1993) ("Temporary restraining orders and permanent injunctions—i.e., court orders that actually forbid speech activities—are classic examples of prior restraints."); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976) ("Prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights").  Three, the University seeks to enjoin an alleged injury that is unrelated to its underlying complaint of patent infringement.  *See Johnson v. City of Rock Island*, No. 11-cv-4058, 2012 WL 5425605, at *1-2 (C.D. Ill. 2012) ("[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint.").  Even if the Court construes the University's request as one for permanent relief, the University has shown no irreparable harm.  *See eBay Inc. v. MercExchange*, 547 U.S. 388, 391 (2006).  For all these reasons, injunctive relief is not a proper sanction and the University's Motion for Injunctive Relief, ECF No. 72, is DENIED.

The Court will next consider whether Micron's request for sanctions against the University should be granted.  The Court will not sanction the University because it is Micron's behavior—not the University's—that worries the Court.  It is of course Micron's prerogative to

stop recruiting the University's students.  Though Micron's decision to shun the University's students is without tact, it is the manner in which that decision was communicated that is particularly troublesome to the Court.  The Court is very concerned if Micron made a calculated decision to interfere with the litigation by attempting to force the University into submission. But the University has not presented the Court with sufficient evidence to draw such a conclusion.  As such, the Court will take no further action at this time.

## CONCLUSION

For the reasons stated above, the University's Motion for Injunctive Relief, ECF No. 72, is DENIED.  The University's Motion for Leave to File a Reply, ECF No. 75, is likewise DENIED.


Entered this 11th day of April, 2013.


s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE