IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ILLINOIS,
    Plaintiff,

v.

MICRON TECHNOLOGY, INC.,
    Defendant.

Case No. 2:11-cv-02288-SLD-JEH

**Order**

    Now before the Court is Defendant's Motion for Leave to File Under Seal Certain Documents in Support of its Third Amended Answer to the Board of Trustees of the University of Illinois' Amended Complaint (Doc. 117). The Motion is fully briefed and for the reasons stated herein, the Motion for Leave to File Under Seal (Doc. 117) is GRANTED.

    Defendant moves under Local Rule 5.10 to file its Third Amended Answer under seal. Defendant previously submitted Exhibits 1-6, 10, and 14 under seal in support of its Amended Answer to the Complaint (Doc. 58). On August 24, 2012, the Court granted Micron's unopposed motion to file these documents under seal. Defendant provides that it relies on confidential documents (Exhibits 1-6 and 10) produced by Plaintiff during Discovery. In addition, Defendant relies upon Exhibit 14, which is a confidential agreement between Defendant and Lucent Technologies Inc.. Defendant maintains the sensitive and confidential information contained in these documents forms the basis for affirmative defenses and counterclaims within its Third Amended Answer.

The determination of whether the Agreement may remain under seal must be balanced with the "[ ] common law right of public access to judicial records." *U.S. v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989), citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978). The Seventh Circuit has found that judicial records should be "open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter International, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002). Here, the reason these particular documents were sealed in the first instance remains viable; the documents contain sensitive patent information and a confidential license agreement. Therefore, the information contained in these documents falls within a category of long-term confidentiality, and the Court may seal the records from the public.

The Court, having considered the submissions and arguments of Defendant Micron Technology, Inc., hereby GRANTS Defendant's Motion (Doc. 117). Defendant has shown that filing Exhibits 1-6, 10, 14, and the Third Amended Answer under seal is in the interest of protecting confidential information of Plaintiff, Defendant, and Lucent Technologies, Inc..

*It is so ordered.*

Entered on August 23, 2016

<u>s/Jonathan E. Hawley</u>
U.S. MAGISTRATE JUDGE